JETTIE BRADY GALLIGAN v. HAROLD P. SMITH

No. 7119SC49

(Filed 24 February 1971)

Venue § 4— action against town policeman — proper venue
    The venue of an automobile collision case against a town policeman who was driving his automobile in the performance of his official duties was properly removed to the county where the collision occurred. G.S. 1-77(2).

APPEAL by plaintiff from *Seay, Superior Court Judge,* 7 August 1970 Session of RANDOLPH Superior Court.

Plaintiff appeals from the granting by the Superior Court of Randolph County of the defendant's motion to have the action removed from Randolph County to Orange County for trial. The action out of which this motion arises is one for personal injury and property damage brought by the plaintiff against the defendant in Randolph County, which is the place of residence of the plaintiff. The accident occurred in Orange County. Plaintiff alleges that the cause of the accident was the negligent

---

Galligan v. Smith

---

operation of an automobile by the defendant, which caused said automobile to strike the automobile owned by plaintiff. At the time of the collision, plaintiff's car was being operated by her son and she was a passenger therein. Plaintiff also alleges and defendant admits that the Town of Chapel Hill was the owner of the car which defendant was driving and that defendant was operating the car in the performance of his duties as a policeman for the Town of Chapel Hill at the time of the accident. In a previous appeal, the Supreme Court affirmed a judgment of the trial court dismissing the Town of Chapel Hill holding that the Town had not waived its governmental immunity. See *Galligan v. Town of Chapel Hill*, 5 N. C. App. 413, 168 S.E. 2d 665, and *Galligan v. Town of Chapel Hill*, 276 N.C. 172, 171 S.E. 2d 427 (1969).

*Ottway Burton for plaintiff appellant.*

*Perry C. Henson and Daniel W. Donahue for defendant appellee.*

MORRIS, Judge.

Appellee relies on G.S. 1-77 (2) to support his motion for removal of the action to Orange County. This statute reads as follows:

"*Where cause of action arose.*—Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial, in the cases provided by law:

. . .

(2) Against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does anything touching the duties of such officer."

In *Kanipe v. Kendrick*, 204 N.C. 795, 169 S.E. 188 (1933), plaintiff sought to recover from two deputies sheriff of Cleveland County for injuries received by him as a result of their negligence in handling a loaded sawed-off shotgun on a street in Shelby, N. C., "in the performance of their official duties, and by virtue of their offices." The action was brought in Mecklenburg County, the home of plaintiff, and defendants moved to have the action removed to Cleveland County where the action arose "on the ground that the defendants are public officers of

Cleveland County, to wit, deputy sheriffs, and that the acts complained of by the plaintiff were done by them in the performance of their official duties, and by virtue of their offices." The action was brought in Mecklenburg County and was heard by the Clerk of the Superior Court of Mecklenburg County on motion of defendants for removal to Cleveland County. The Clerk granted the motion and ordered that it be removed to Cleveland County. Plaintiff appealed to the Superior Court which affirmed. On appeal the Supreme Court affirmed, holding that the two deputies of Cleveland County were "public officers" for purposes of the change of venue statute. The case at bar is controlled by the Kanipe case, *supra,* since there is no distinguishable difference between the two.

Affirmed.

Judges BROCK and VAUGHN concur.